NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-50404 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00817-CAB-2 |
| v. | |
| MUHAMMED TARIQ CAMRAN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted July 12, 2018**
Pasadena, California

Before:  IKUTA and N.R. SMITH, Circuit Judges, and McNAMEE,*** District
Judge.

Muhammed Tariq Camran appeals the district court's order denying his

motion to suppress evidence stemming from a vehicle stop on the basis that the

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

***      The Honorable Stephen M. McNamee, Senior United States District
Judge for the District of Arizona, sitting by designation.

border patrol agent lacked reasonable suspicion to direct the stop. We have jurisdiction under 28 U.S.C. §1291, and we affirm.

The district court did not err in denying Camran's motion to suppress because the totality of the circumstances made it reasonable for Agent Massie to suspect that the vehicle occupants were engaged in criminal activity. *See United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (explaining that an officer on a roving border patrol may conduct a brief investigatory stop if she has "a particularized and objective basis for suspecting the particular person stopped of criminal activity." (internal quotations and citations omitted)); *see also United States v. Arvizu*, 534 U.S. 266, 273 (2002) (explaining that a reviewing court looks to the "totality of the circumstances" to see whether the officer had a "particularized and objective basis" for suspecting criminal activity (internal quotations and citations omitted)).

First, the vehicle appeared in the late hours of the evening at an intersection which was experiencing a high level of alien smuggling traffic. Second, the intersection was located in a rural and sparsely populated area two and a half miles from the United States-Mexico border (which was only partially fenced in this area), and close to a known alien pick-up point. Third, Agent Massie was intimately familiar with the area's residents, vehicles, and traffic patterns, and did not recognize the vehicle as a local vehicle, and noticed it was atypical for the area

because it was brand new. Fourth, the vehicle was a rental, and Agent Massie knew that rental vehicles were often used by alien and drug smugglers. Fifth, the vehicle passed through the intersection and headed toward the border (and the pick-up point), and then returned in an amount of time sufficient in Agent Massie's estimation to pick up aliens and turn around. Finally, when Agent Massie attempted to catch up to the vehicle on Interstate 8, the vehicle increased its speed, as if trying to evade capture.

Consistent with the totality of the circumstances test, the district court viewed Agent Massie's observations in the aggregate, and gave due weight to the inferences that Agent Massie drew from those observations prior to ruling that the stop was supported by reasonable suspicion. Reviewing *de novo* the district court's determination that reasonable suspicion existed, and the findings of fact for clear error, we conclude that the district court did not err in denying the motion to suppress. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996).

**AFFIRMED.**